MONACO, J.,
dissenting.
I respectfully dissent.
My reading of the case is that the trial judge, who was not the judge who considered the appellant’s 3.850 motion, went to extraordinary lengths to warn the appellant that there would be no guarantees that she would receive a downward departure sentence, and that she should not think otherwise. She told her, moreover, that she should carefully consider the plea offer from the State, as an alternative to pleading open to the court:
So, I couldn’t give you any more than ten years, my hands would be tied if I accepted the plea, but I couldn’t give you any less than four years. But that limits it. That is the parameter that I am under.
A short time later the appellant’s counsel said to the court, “I submit that we are well able to prove that the facts — the facts supporting the downward departure.” The trial judge then cautioned that it is “very, very important” for her to understand that if her counsel did not prevail on the issue of a downward departure, the court would be compelled to give her at least the minimum calculated sentence. “I mean, that is in essence she would be getting out when she is like 70 years old if I got my math ... correct.” After gaining a positive response to the question of the appellant, “Do you understand that,” the judge spoke prophetically:
Okay, I don’t want there to be any surprises, like I never thought she could do that. I am going to have to do it unless there is a legal reason for departure. And even then, if I find it and the State *348 appeals me, the appellate court can reverse me.... ”
The evidence did not develop as the appellant and her counsel thought it might and the court found no reason to downwardly depart.
While I fully understand that the minimum sentence for the appellant’s crime is exceedingly harsh, it seems to me that she was fully apprised of the risks, elected to roll the dice, and lost. True enough, the evidence from the witnesses called to establish the downward departure did not develop as the appellant and her counsel expected; but that risk always exists when dealing with live testimony. I do not think the record supports the conclusion that counsel was ineffective. I would, therefore, affirm.